## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANGEL RIOS-ROSA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:22-CV-145 SNLJ |
| JOHN CHRISTENSON, et al., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Angel Rios-Rosa, an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### Plaintiff's Criminal Background

A criminal complaint was filed against plaintiff in Buchanan County, Missouri, on July 22, 2012, charging plaintiff with felony sexual assault. *See State v. Rios-Rosa*, No. 12BU-CR01603 (5th Judicial Circuit, Buchanan County Court). Plaintiff plead guilty to the charge which was filed on June 10, 2013. He was sentenced to six (6) years' imprisonment in the Missouri Department of Corrections (MDOC) on that same date. *See State v. Rios-Rosa*, No. 12BU-CR01603-01 (5th Judicial Circuit, Buchanan County Court).

A criminal complaint was filed against plaintiff in Buchanan County, Missouri, on January 26, 2013, charging plaintiff with felony robbery in the second degree. *See State v. Rios-Rosa*, No. 13BU-CR00219 (5th Judicial Circuit, Buchanan County Court). Plaintiff plead guilty to the charge which was filed on May 9, 2013. He was sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections (MDOC) on that same date. *See State v. Rios-Rosa*, No. 13BU-CR00219-01 (5th Judicial Circuit, Buchanan County Court).

A criminal indictment was filed against plaintiff in the United States District Court for the Western District of Missouri on January 12, 2017, charging plaintiff with Racketeering Conspiracy, Racketeering, two counts of Hobbs Act robbery and Interference with Commerce by Threat or Violence. *See United States v. Rios-Rosa*, No. 4:17CR16 RK (W.D.Mo.). Plaintiff plead guilty to Racketeering Conspiracy on June 17, 2020. He was sentenced to seventy-two months' imprisonment, to run concurrently with his sentences previously imposed in Buchanan County Court. *Id.* Plaintiff was also sentenced to three years of supervised release.

On September 1, 2021, a criminal complaint was filed in DeKalb County, Missouri, charging plaintiff with the Class E felony of endangering a corrections employee. *See State v. Rios-Rosa*, No. 21DK-CR00296 (43rd Judicial Circuit, DeKalb County Court). The matter is currently set for preliminary hearing on December 20, 2022. *Id.*

## The Complaint

Plaintiff brings this action on a court-provided civil complaint form for filing claims pursuant to 42 U.S.C. § 1983. He names the following as defendants in this action: John Christenson, Mitigation Specialist at Freedom's Chance, and Donald Phillips, Chairman of the Missouri Board of Probation and Parole.

Plaintiff's allegations are best understood if quoted in their entirety:

> I do pay 2425 to reduce my sentence but anyones had has doing the right work on my case (Robbery) do also I am on under perjury of this statement do also anyones from Freedom's Chance contact my self personally since 9-30-21 till todays days 10-24-22 been Parson Office so do why wants to knows it do why John Christenson do not contact my self personally tills this day 10-24-22 my best interest it is solving this matter to getting out of prison soon as possible because Phillips do sending my commutation petition towards also if Donald Phillips submits my commutation petition towards Governor's Office it is because my clemency do has rightness argumentative controversy do also and do why Donald Phillips sending my self personally this letter saying he do not knows John Christenson because Donald Phillips has do made false statements by saying Governor Parson do not making my correspondence about my commutation petition.

Attached to plaintiff's complaint is a letter to plaintiff from the Missouri Board of Probation and Parole Chairman, Don Phillips, stating that plaintiff's request for clemency was denied on September 30, 2021. Plaintiff has also attached to his complaint seven letters from Mitigation Specialist, John Christenson regarding his clemency application to Governor Parson. It appears that plaintiff is questioning why his clemency petition has been denied.

Plaintiff states he would like to "file charges" against defendant John Christenson. He asserts that he would also like release from confinement.

4

**Discussion**

First, plaintiff's § 1983 claims against defendant John Christenson, a Mitigation Specialist with a private corporation, will be dismissed for failure to state a claim. Section 1983 actions may not be brought against private actors, only against those acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983; *see also Carlson v. Roetzel & Andress,* 552 F.3d 648, 650 (8th Cir. 2008); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Because plaintiff cannot allege any plausible claim that defendant Christenson was acting under color of state law, the Court will dismiss his §1983 against defendant Christenson.

As to plaintiff's claims for release from confinement, which he has brought against defendant Don Phillips, Chairman of the Missouri Board of Probation and Parole, the Court finds that these claims are also subject to dismissal. The Eighth Circuit and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole or in the parole board's discretionary decisions. *State ex rel Cavallaro v. Groose,* 908 S.W.2d 133, 134 (Mo. 1995); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, plaintiff's challenge to the due process he received in his parole and/or clemency hearing fails to state a claim for relief under 42 U.S.C. § 1983. Furthermore, plaintiff has not alleged a specific violation of his constitutional rights done by defendant Phillips, himself, accordingly, he cannot assert a claim for relief against him. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (government officials are liable only for their own misconduct).

5

Last, to the extent that plaintiff seeks release from confinement, his relief lies in an action brought pursuant to habeas corpus, 28 U.S.C. § 2254, not under 42 U.S.C. § 1983.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of November, 2022

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Prior to bringing an application for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, plaintiff must first exhaust his state court remedies by filing for post-conviction review of his convictions.